UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00093-KDB
(5:15-cr-00074-KDB-DSC-1)

| | |
|---|---|
| MARCUS DECARLOS MORRISON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [CV Doc. 3].[1]

## I. BACKGROUND

On February 24, 2016, Petitioner Marcus Decarlos Morrison ("Petitioner") pleaded guilty without a plea agreement to one charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [CR Docs. 1: Bill of Indictment; CR Doc. 13: Acceptance and Entry of Guilty Plea]. On September 12, 2016, Petitioner was sentenced to a term of imprisonment of 74 months. [CR Doc. 19 at 2: Judgment]. Judgment on Petitioner's conviction was entered on September 14, 2016. [Id.]. Petitioner did not appeal his conviction or sentence. On July 8, 2019, Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [CV Doc. 1]. On July 11, 2019, the Court conducted an initial screening of the petition under Rule 4(b) and found that Petitioner had not signed the petition under penalty of perjury. [CV Doc. 2 (citing

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:19-cv-00093-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:15-cr-00074-KDB-DSC-1.

Rule 2(b)(5), 28 U.S.C. foll. § 2255)]. The Court ordered that Petitioner had 20 days from its Order to sign the petition under penalty of perjury and to resubmit it in accordance with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings. [CV Doc. 3]. The Court directed the Clerk to send Petitioner the proper form. [Id.]. The Court further ordered that Petitioner's failure to return the completed form signed under penalty of perjury, "may result in dismissal of this action with prejudice." [Id.].

On April 24, 2020, nearly eight months after Petitioner's deadline to refile his § 2255 motion expired, Petitioner filed the instant Amended Motion under § 2255 to Vacate, Set Aside or Correct Sentence." [CV Doc. 3]. As his sole ground for relief, Petitioner argues that under Rehaif v. United States, 139 S. Ct. 2191, 2195 (2019), "the Government must prove mens rea for 922(g)." [Id. at 4]. In his amended motion to vacate, Petitioner contends that the one-year statute of limitations in 28 U.S.C. § 2255 "[d]oes not apply to [him]!" [CV Doc. 3 at 11]. Petitioner signed but did not date his amended motion to vacate. [See id. at 12].

## II. ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on

2

> collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, as noted, judgment was entered in this action on September 14, 2016, and Petitioner did not appeal. Petitioner's conviction, therefore, became final for purposes of Section 2255(f) on September 28, 2016, fourteen days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A). Accordingly, the one-year period of limitations under Section 2255 expired on September 28, 2017. Petitioner did not mail his original motion to vacate until July 2, 2019. [See CV Doc. 1 at 2]. In his amended motion, only recently filed on April 24, 2020, Petitioner claims that the statute of limitations does not apply to him. In support of his motion to vacate, Petitioner cites Rehaif and requests that his sentence be vacated, set aside or corrected because the "Government must prove mens rea for 922(g)." [CV Doc. 3 at 3, 4, 12].

In Rehaif v. United States, the Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. 2191, 2195 (2019). The petitioner in Rehaif was an alien who entered the country on a nonimmigrant student visa to attend university. He received poor grades and the university dismissed him. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. at 2194. After the Government learned of the petitioner's visit to a firing range, where he shot two firearms, the petitioner was prosecuted for possessing firearms as an alien unlawfully in the United States in violation of § 922(g) and § 924(a)(2). The case went to trial. The judge instructed the jury, over

3

petitioner's objection, that the "United States is not required to prove" that the petitioner "knew he was illegally or unlawfully in the United States." Id. The jury found the petitioner guilty and he was sentenced to 18 months' imprisonment. Id. At issue before the Supreme Court was whether the Government must prove that a defendant knows of his status as a person barred from possessing a firearm, which in that case was the petitioner's status as an illegal alien. Id. at 2195. The Supreme Court held that, in a prosecution under § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. Id.

Rehaif, however, did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2). In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). Moreover, even if Rehaif had announced a new rule of constitutional law, the Supreme Court did not make Rehaif retroactive to cases on collateral review. See id.; In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019). As such, Petitioner's claim must have been brought within one year of his conviction becoming final, which in this case occurred on September 28, 2016. See 28 U.S.C. § 2255(f)(1). Petitioner did not file his original Section 2255 motion until July 8, 2019, well past the expiration of the one-year limitations period.

The Court, therefore, denies and dismisses Petitioner's motion.[2]

### III. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

---

[2] The Court notes that this action is also subject to dismissal for Petitioner's failure to timely file his amended motion to vacate under penalty of perjury. [See CV Doc. 3].

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 3] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

   **IT IS SO ORDERED.**

Signed: May 13, 2020

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge

5

Case 5:19-cv-00093-KDB   Document 4   Filed 05/13/20   Page 5 of 5